UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| In the Matter of the Complaint of JOSEPH ZEITER as the owner of a certain Yellow 2021 Sea-Doo GTI SE 170, CF 3265 VV and as owner of a certain Blue 2021 Sea-Doo GTI SE 130, CF 3266 VV,<br><br>For Exoneration from or Limitation of Liability. | No. 2:26-cv-01259 WBS CSK<br><br><u>MEMORANDUM AND ORDER RE: CLAIMANT AMBER "KITTY" WESTBROOK'S MOTION TO DISMISS</u> |

----oo0oo----

Claimant Amber "Kitty" Westbrook moves to dismiss plaintiff-in-limitation Joseph Zeiter's complaint and to dissolve the injunction staying prosecution of San Joaquin County Superior Court Case No. STK-CVUNPI-2025-0014813. (Mot. to Dismiss (Docket No. 15).) Westbrook argues that Zeiter untimely filed his complaint. (<u>Id.</u>)

A limitation-of-liability action under the Shipowner's Limitation of Liability Act must be brought "within 6 months after a claimant gives the owner written notice of a claim." 46

U.S.C. § 30511(a). Westbrook argues that Zeiter did not bring his claim until slightly over seven months after she gave him notice of her claim. In support, Westbrook attaches a letter her attorney sent to plaintiff-in-limitation on her behalf.

Generally, a court considering a motion to dismiss must not consider facts that are not alleged on the complaint's face, contained in the complaint's attachments, or subject to judicial notice. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990)). Under the "incorporation by reference" doctrine, however, a court may consider an undisputed, authentic document on which the plaintiff's claim depends. See id. (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998)).

Westbrook argues that the letter falls within the "incorporation by reference" doctrine. But it is her affirmative defense -- not Zeiter's claim -- that depends on the letter's contents. See Scheibe v. ProSupps USA, LLC, 141 F.4th 1094, 1098 (9th Cir. 2025) (quoting Durnford v. MusclePharm Corp., 907 F.3d 595, 603 n.8 (9th Cir. 2018)) (holding that "'[o]nly when the plaintiff pleads itself out of court,' by admitting all the elements of an affirmative defense, may a complaint that otherwise states a claim be dismissed"); see also Jones v. Bock, 549 U.S. 199, 215 (2007).

Nonetheless, the court in its discretion may consider matters outside the pleadings by converting the motion into one for summary judgment after giving the parties "a reasonable opportunity to present all the material that is pertinent to the

motion." Fed. R. Civ. P. 12(d). The court finds that process appropriate in this case. Accordingly, the parties will each be granted time to present all materials and arguments pertinent to the converted motion.

IT IS THEREFORE ORDERED that claimant's motion to dismiss (Docket No. 15) be, and the same hereby is, converted to a motion for summary judgment. Within 14 days of this order's filing date, plaintiff-in-limitation shall file further briefing and evidence on the motion. Claimant's briefing and evidence in response is due 14 days from the date plaintiff-in-limitation files his briefing. The motion will then be submitted for decision without further oral argument unless otherwise ordered by the court.

Dated: September 17, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE