UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| In the Matter of the Complaint of JOSEPH ZEITER as the owner of a certain Yellow 2021 Sea-Doo GTI SE 170, CF 3265 VV and as owner of a certain Blue 2021 Sea-Doo GTI SE 130, CF 3266 VV,<br><br>For Exoneration from or Limitation of Liability. | No. 2:26-cv-01259 WBS CSK<br><br>ORDER DENYING CLAIMANT WESTBROOK'S CONVERTED MOTION FOR SUMMARY JUDGMENT |

----oo0oo----

Claimant Amber "Kitty" Westbrook moved to dismiss plaintiff-in-limitation Joseph Zeiter's Shipowner's Limitation of Liability Act complaint for untimeliness. (Mot. to Dismiss (Docket No. 15).) Because that motion relied on evidence outside the complaint, the court converted it into one for summary judgment. (Docket No. 35.) With the letter now properly subject to the court's consideration, the court now considers the motion. Summary judgment may be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as

a matter of law." Fed. R. Civ. P. 56(a).

A limitation-of-liability action under the Shipowner's Limitation of Liability Act must be brought "within 6 months after a claimant gives the owner written notice of a claim." Martz v. Horazdovsky, 33 F.4th 1157, 1160 (9th Cir. 2022) (quoting 46 U.S.C. § 30511(a) (now codified at 46 U.S.C. § 30529(a))). Westbrook argues that Zeiter did not file his complaint until slightly over seven months after she sent him a notice letter.[1] (Suppl. Reply at 2 (Docket No. 25).) Westbrook's entitlement to summary judgment therefore turns on whether this letter provided Zeiter with adequate notice.

Bringing a limitation-of-liability action is costly. The owner must "either transfer 'the owner's interest in the vessel and pending freight' to a trustee appointed by the court or deposit with the court an amount equal to that value." Martz, 33 F.4th at 1166-67 (quoting 46 U.S.C. § 30511(b) (now codified at 46 U.S.C. § 30529(b))). Given that cost, courts require clarity in Limitation Act notice letters. See id. at 1165 ("A vessel owner is not required to guess the claimant's intentions"); see also In re McCarthy Bros. Co., 83 F.3d 821, 829-30 (7th Cir. 1996) (requiring a "fairly high level of specificity" in notice letters to prevent claimants from "nullify[ing] a shipowner's right to file a limitation action by sending a cryptic letter and then waiting more than six months to

[1] The parties dispute whether Zeiter received this letter. (Opp'n to Converted Mot. at 3(Docket No. 24); Zeiter Decl. ¶ 2 (Docket No. 26); Suppl. Reply at 3-5 (Docket No. 25).) Because the court ultimately concludes that the letter did not provide the required notice, this dispute is immaterial.

file a complaint”).

A notice must therefore “clearly state that the victim intends to bring a claim or claims against the owner.” Martz, 33 F.4th at 1161; see also id. at 1168 (requiring “a definite statement of an intent to file suit” or “assert a legal right in some other way”). The test is objective: the writing’s contents control, “not how the recipient perceives [them].” Id.

Westbrook’s letter did not state her intent to sue Zeiter. Its subject line was “Letter of Representation and Request for Preservation of Evidence,” and it described its purpose as securing the preservation of evidence. (Mot. to Dismiss Ex. A (Docket No. 15-2).) Although it referred to Westbrook’s “personal injury claim,” it did not say the claim was against Zeiter. (Id.) Nor did it blame Zeiter for the accident; it stated only that “[o]ur client was injured as a passenger on a jet ski registered to you that was involved in a collision with another vessel.” (Id.) Cf. Martz, 33 F.4th at 1167 (holding notice inadequate where letter “equivocated on whether [claimant] intended to assert a claim against [plaintiffs-in-limitation],” even when “its subject line -- ‘[claimant] v. [plaintiffs-in-limitation]’ -- suggested the possibility of an adversarial proceeding”).

It is the court’s understanding that injured parties routinely send preservation letters to people they do not intend to sue. A vessel’s owner may have needed evidence even when someone else caused the collision. Read as a whole, Westbrook’s letter was more accurately characterized as an evidence-preservation letter, not a claim-notice letter. Accordingly,

Westbrook has not shown she is entitled to summary judgment.

IT IS THEREFORE ORDERED that claimant Westbrook's converted motion for summary judgment (Docket No. 15) be, and the same hereby is, DENIED.

Dated: October 20, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE